UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

JAMES HARMON ADAMS,

    Plaintiff,

v.

MARQUETTE POLICE
DEPARTMENT, et al.,

    Defendant

_____/

Case No. 2:25-cv-00226

Hon. Jane M. Beckering
U.S. District Judge

## REPORT AND RECOMMENDATION

**I. Introduction**

*Pro se* Plaintiff James Harmon Adams filed this complaint against Defendants Marquette City Police Department and Officer Jack Vogler. (ECF No. 1.) Adams brings this action under the Fourth and Fifth Amendments for unlawful arrest and seizure without due process of law. He invokes 18 U.S. Code § 242 for deprivation rights under color of law and 18 U.S. Code § 241 for conspiracy against rights under color of law.

Harden's complaint is short on facts. He alleges in entirety:

> 1. MCL 500.3101(1) the requirement for security "automobile insurance" is unconstitutional by Michigan Supreme Court in Shavers V Attorney General 1978. 2. MCL 500.3102 is only applicable to non-residents of Michigan. 3. the Michigan Secretary of State branch staff do not register automobiles without security and registration is void under those provisions of MCL 500.3101(1). and 4. registration plate is expired and was originally registered to the automobile. 5, claims are under the 4th amendment of the bill of rights unlawful seizure, 6. the 14th amendment, deprivation of property without due process of law.

(*Id.*, PageID.4.) Harden seeks injunctive relief and damages of $1,591,500.00, but he indicates that amount is increasing. (*Id.*)

Plaintiff was granted *in forma pauperis* status on October 7, 2025. (ECF No.

1

5.)

## II. Standard of Law

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any action brought *in forma pauperis* if the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.* The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Although the plausibility standard is not equivalent to a "probability requirement, . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).

In addition, the Court must read Plaintiff's *pro se* complaint indulgently, see *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

### III.  Analysis

Initially, it is noted that Adams made no allegations against the Marquette Police Department or the Officer Vogler.  Second, Plaintiff indicates that this Court has jurisdiction under 18 U.S. Code § 241 and §242, which are criminal statutes.  To the extent that Plaintiff seeks criminal prosecution of the named Defendants, the Court notes that such a request has no merit where the "authority to initiate a criminal complaint rests exclusively with state and federal prosecutors." *Gonzalez v. Perez*, No. 98-6575, 2000 WL 222584, at *2 (6th Cir. Feb. 14, 2000) (citing *Mercer v. Lexington Fayette Urban County Gov't.,* No. 94-6645, 1995 WL 222178, at *1 (6th Cir. Apr. 13, 1995) (unpublished order)). A private citizen "lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Diamond v. Charles*, 476 U.S. 54, 64 (1986). Simply put, Plaintiff cannot compel a criminal prosecution of Defendants because private citizens cannot compel a criminal prosecution of another. *Diamond v. Charles*, 476 U.S. 54, 64-65 (1986); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Martin v. Koljonen*, No. 03-2169, 2004 WL 445720, at *1 (6th Cir. Mar. 9, 2004).

Adams asserts Fourth and Fifth Amendment claims against Defendants. Although he fails to set forth the vehicle for bringing constitutional claims, the Court can assume that Adams is proceeding under 42 U.S.C. § 1983.  First, Adams names the Marquette Police Department as a Defendant.  Under Michigan law, municipal departments are not separate entities capable of being sued because they are agencies of the city.  *Exclusive Brands LLC v. City of Garden City, Michigan,* No. 19-cv-11062,

2020 WL 5367331, at *6 (E.D. Mich. Sept. 8, 2020); *Carey v. Hall*, No. 12-cv-14777, 2013 WL 174503, * 1 (E.D. Mich. Jan. 3, 2013). In the opinion of the undersigned, Adams cannot sue the Marquette Police Department because it is a municipal department not capable of being sued. Even if Adams properly named the City of Marquette as a Defendant, his claim would necessarily fail.

In *Monell v. Department of Social Services*, 436 U.S. 658 (1978), the United States Supreme Court held that municipalities could be subject to Section 1983 actions for alleged constitutional violations, albeit in a narrow set of circumstances. "A municipality may not be held liable under § 1983 on a *respondeat superior* theory – in other words, '*solely* because it employs a tortfeasor.'" *D'Ambrosio v. Marino*, 747 F.3d 378, 388-89 (6th Cir. 2014) (quoting *Monell*, 436 U.S. at 691 (emphasis in original)). Instead, a municipality may only be liable under § 1983 when its policy or custom causes the injury, regardless of the form of relief sought by the plaintiff. *Los Angeles Cnty. v. Humphries*, 562 U.S. 29, 35-37 (2010) (citing *Monell*, 436 U.S. at 694 (1974)).

In a municipal liability claim, the finding of a policy or custom is the initial determination to be made. *Doe v. Claiborne Cnty.*, 103 F.3d 495, 509 (6th Cir. 1996). The policy or custom must be the moving force behind the constitutional injury. A plaintiff must identify the policy, connect the policy to the governmental entity, and show that the particular injury was incurred because of the execution of that policy. *Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005); *Alkire v. Irving,* 330 F.3d 802, 815 (6th Cir. 2003); *Doe,* 103 F.3d at 508–509. Adams has set forth no policy or

4

custom by the City of Marquette that could have violated his rights.

Adams names Officer Vogler as a Defendant. It is unclear exactly what Adams says that Officer Vogler did to violate his rights. Adams asserts an "unlawful seizure". (ECF No. 1, PageID.4.) It appears that Adams is alleging that his vehicle was seized by Officer Vogler, but his allegation is far from clear. In addition to alleging that his Fourth and Fifth Amendment rights were violated, Adams asserts that his Sixth and Fourteenth Amendment rights were violated because of "deprivation of property without due process of law." (*Id.*)

In general, it appears that Adams challenges the State of Michigan requirement to have automobile insurance. Adams cites *Shavers v. Kelly*, 402 Mich. 554 (1978), and asserts that under that authority Mich. Comp. Laws § 500.3102 is only applicable to non-residents of Michigan. Adams is correct about that claim. Mich. Comp. Laws § 500.3102 states that nonresident owners of a motor vehicle not registered in the State "shall not operate or permit the motor vehicle or motorcycle to be operated in this state for an aggregate of more than 30 days in any calendar year unless he or she continuously maintains security for the payment of benefits." *Id.*

Importantly, however, all Michigan drivers must "maintain security for payment of benefits under personal protection insurance and property protection insurance . . . ., and residual liability insurance." Mich. Comp. Laws §500.3101. Although, the Michigan Supreme Court in *Shavers* stuck down portions of Michigan's No Fault Insurance Act laws in 1978, the law has been rewritten and survives constitutional scrutiny. Under Michigan law, an owner or registrant of a vehicle must

5

"maintain" no fault insurance.  *Dye by Siporin & Assocs., Inc. v. Esurance Prop. & Cas. Ins. Co.*, 504 Mich. 167, 186, 934 N.W.2d 674, 684 (2019).

## IV.  Recommendation

The undersigned respectfully recommends that the Court dismiss the complaint under 28 U.S.C. § 1915(e)(2)(B) because it is frivolous and fails to state a claim upon which relief may be granted.


Dated:  October 7, 2025                                        /s/ *Maarten Vermaat*
                                                                           MAARTEN VERMAAT
                                                                           U. S. MAGISTRATE JUDGE


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).