UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

JAMES HARMON ADAMS,

      Plaintiff,

v.

MARQUETTE POLICE
DEPARTMENT, et al.,

      Defendants.

_____/

Case No. 2:25-cv-00226

Hon. Jane M. Beckering
U.S. District Judge

## REPORT AND RECOMMENDATION

**I. Introduction**

On October 15, 2025, the Court remanded this matter "to the Magistrate Judge to consider whether Plaintiff's Amended Complaint (ECF No. 7) affects the Magistrate Judge's prior recommendations." (ECF No. 8.) For the reasons, discussed below, it is recommended that the Court dismiss this lawsuit.

*Pro se* Plaintiff James Harmon Adams filed an amended complaint against Defendants Marquette City Police Department, Officer Jack Vogler, Marquette County Prosecutor Nelson, and Chief District Judge Kangas. (ECF No. 7.) Adams brings this action under the Fourth and Fifth Amendments for deprivation of liberty without due process of law. (*Id.*, PageID.24.) He invokes 18 U.S.C. § 242 for deprivation of his rights under color of law and 18 U.S.C. § 241 for conspiracy against rights under color of law. (*Id.*)

Adams alleges:

1

> 1. the requirement for Michigan residents " MCL 206.18(1)(a) for security"insurance" MCL 500.3101(1) is unconstitutional, 2. officer J. Vogler fraudulently issued citation MCL 500.3102 against my person as a nonresident MCL 257.34., 3. Marquette City Police Department using Marquette Detailing to tow my automobile without my consent, 4. Jenna Nelson prosecuting this case, 5. Judge Roger Kangas presiding over this case in his courtroom conveys an obvious conspiracy against rights under color of Law.

(*Id.*, PageID.25.)   Adams seeks over $5,000,000.00 in damages. (*Id.*)

Plaintiff was granted *in forma pauperis* status on October 7, 2025. (ECF No. 5.)

## II. Standard of Law

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any action brought *in forma pauperis* if the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.* The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Although the plausibility standard is not equivalent to a "probability requirement, . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).

In addition, the Court must read Plaintiff's *pro se* complaint indulgently, see *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

### III.  Analysis

Initially, Plaintiff indicates that this Court has jurisdiction under 18 U.S.C. § 241 and §242, which are criminal statutes. To the extent that Plaintiff seeks criminal prosecution of the named Defendants, the Court notes that such a request has no merit where the "authority to initiate a criminal complaint rests exclusively with state and federal prosecutors." *Gonzalez v. Perez*, No. 98-6575, 2000 WL 222584, at *2 (6th Cir. Feb. 14, 2000) (citing *Mercer v. Lexington Fayette Urban County Gov't.*, No. 94-6645, 1995 WL 222178, at *1 (6th Cir. Apr. 13, 1995) (unpublished order)). A private citizen "lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Diamond v. Charles*, 476 U.S. 54, 64 (1986). Simply put, Plaintiff cannot compel a criminal prosecution of Defendants because private citizens cannot compel a criminal prosecution of another. *Diamond v. Charles*, 476 U.S. 54, 64-65 (1986); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Martin v. Koljonen*, No. 03-2169, 2004 WL 445720, at *1 (6th Cir. Mar. 9, 2004).

Adams asserts Fourth and Fifth Amendment claims against Defendants. Although he fails to set forth the vehicle for bringing constitutional claims, the Court can assume that Adams is proceeding under 42 U.S.C. § 1983. First, Adams names the Marquette Police Department as a Defendant. Under Michigan law, municipal

departments are not separate entities capable of being sued because they are agencies of the city. *Exclusive Brands LLC v. City of Garden City, Michigan*, No. 19-cv-11062, 2020 WL 5367331, at *6 (E.D. Mich. Sept. 8, 2020); *Carey v. Hall*, No. 12-cv-14777, 2013 WL 174503, * 1 (E.D. Mich. Jan. 3, 2013). In the opinion of the undersigned, Adams cannot sue the Marquette Police Department because it is a municipal department not capable of being sued. Even if Adams properly named the City of Marquette as a Defendant, his claim would necessarily fail.

In *Monell v. Department of Social Services*, 436 U.S. 658 (1978), the United States Supreme Court held that municipalities could be subject to Section 1983 actions for alleged constitutional violations, albeit in a narrow set of circumstances. "A municipality may not be held liable under § 1983 on a *respondeat superior* theory – in other words, '*solely* because it employs a tortfeasor.'" *D'Ambrosio v. Marino*, 747 F.3d 378, 388-89 (6th Cir. 2014) (quoting *Monell*, 436 U.S. at 691 (emphasis in original)). Instead, a municipality may only be liable under § 1983 when its policy or custom causes the injury, regardless of the form of relief sought by the plaintiff. *Los Angeles Cnty. v. Humphries*, 562 U.S. 29, 35-37 (2010) (citing *Monell*, 436 U.S. at 694 (1974)).

In a municipal liability claim, the finding of a policy or custom is the initial determination to be made. *Doe v. Claiborne Cnty.*, 103 F.3d 495, 509 (6th Cir. 1996). The policy or custom must be the moving force behind the constitutional injury. A plaintiff must identify the policy, connect the policy to the governmental entity, and show that the particular injury was incurred because of the execution of that policy.

*Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005); *Alkire v. Irving,* 330 F.3d 802, 815 (6th Cir. 2003); *Doe*, 103 F.3d at 508–509.  Adams has set forth no policy or custom by the City of Marquette that could have violated his rights.

Adams alleges that Judge Kangas is presiding over his case which "conveys an obvious conspiracy against rights under color of law."  (ECF No., PageID.25.)  Adams fails to allege any details of how Judge Kangas conspired against him by presiding over his case.

Judges are absolutely immune from a suit for monetary damages.  *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991) ("[I]t is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.") (internal quotations omitted); *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997).  Absolute judicial immunity may be overcome in only two instances.  First, a judge is not immune from liability for non-judicial actions, i.e., actions not taken in the judge's judicial capacity.  *Mireles*, 502 U.S. at 11; *see Forrester v. White*, 484 U.S. 219, 229 (1988) (noting that immunity is grounded in "the nature of the function performed, not the identity of the actor who performed it").  Second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction.  *Id.* at 12; *Bright v. Gallia Cnty.*, 753 F.3d 639, 649 (6th Cir. 2014) (recognizing the difference between an "excess of jurisdiction and the clear absence of all jurisdiction over the subject matter[,]" and noting that only the latter deprives a

5

judge of judicial immunity).

Plaintiff's factual allegations clearly fail to implicate any exceptions to judicial immunity. Here, Plaintiff alleges that he was arrested, or at least placed in handcuffs, in Marquette County and that there are current and pending criminal proceedings against him involving driving with an expired registration and license plate and not having automobile insurance. (ECF No. 7-1, PageID.29.) Plaintiff's complaint shows that Judge Kangas took actions in his judicial capacity. Accordingly, in the opinion of the undersigned, Judge Kangas is entitled to judicial immunity.

Adams sues Marquette Prosecutor Nelson for prosecuting the case against him. (*Id.*, PageID.25.) Prosecutors enjoy absolute immunity from damages when engaging in activities "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430-431 (1976). Immunity shields against liability for actions "undertaken by a prosecutor in preparing for the initiation of judicial proceedings for trial," which includes the evaluation of the evidence assembled by police. *Buckley v. Fitzsimmons*, 509 U.S. 259, 272-273 (1993). Adams fails to allege anything other than that Prosecutor Nelson is prosecuting him for the alleged crimes. Accordingly, in the opinion of the undersigned, Prosecutor Nelson is entitled to immunity.

Adams alleges that Officer Vogler "fraudulently issued" citations. (Id., PageID.25.) Adams may be arguing a technicality because his citation cited to Mich. Comp. Laws § 500.3102 and not to Mich. Comp. Laws § 500.3101. However, it appears that regardless of the statute cited in the citation, Adams is asserting that

6

under Michigan law he does not need automobile insurance to legally drive an automobile in the State. In general, it appears that Adams challenges the State of Michigan requirement to have automobile insurance. In his original complaint, Adams cites *Shavers v. Kelly*, 402 Mich. 554 (1978), and asserted that under that authority Mich. Comp. Laws § 500.3102 (the statute he also cites in his amended complaint), is only applicable to non-residents of Michigan. Adams is correct about that claim. Mich. Comp. Laws § 500.3102 states that nonresident owners of a motor vehicle not registered in the State "shall not operate or permit the motor vehicle or motorcycle to be operated in this state for an aggregate of more than 30 days in any calendar year unless he or she continuously maintains security for the payment of benefits." *Id*.

Importantly, however, all Michigan drivers must "maintain security for payment of benefits under personal protection insurance and property protection insurance . . . ., and residual liability insurance." Mich. Comp. Laws §500.3101. In his amended complaint, Adams asserts that this requirement is unconstitutional. Although, the Michigan Supreme Court in *Shavers* stuck down portions of Michigan's No Fault Insurance Act laws in 1978, the law has been rewritten and survives constitutional scrutiny. Under Michigan law, an owner or registrant of a vehicle must "maintain" no fault insurance. *Dye by Siporin & Assocs., Inc. v. Esurance Prop. & Cas. Ins. Co.*, 504 Mich. 167, 186, 934 N.W.2d 674, 684 (2019). Therefore, it is recommended that the Court dismiss Adams's claim asserting that the Michigan law requiring drivers to obtain automobile insurance is unconstitutional.

Adams asserts two sources in support of his constitutionality claim.  Adams asserts that his Fourth and Fifth Amendment rights were violated by Defendants.  Plaintiff contends that the  defendants conduct violated his rights under the Fifth Amendment Due Process Clause.  However, while the Fourteenth Amendment's Due Process Clause restricts the activities of the states and their instrumentalities, the Fifth Amendment's Due Process Clause circumscribes only the actions of the federal government.  *Scott v. Clay County, Tennessee,* 205 F.3d 867, 873 n. 8 (6th Cir. 2000).  Therefore, because the named defendants are state actors, Adams's Fifth Amendment claims are without merit.

Finally, Plaintiff alleges that his Fourth Amendment rights were violated.  Plaintiff attached to his amended complaint a copy of a State of Michigan Uniform Law Citation that he received on July 3, 2025.  (ECF No. 7-1, PageID.30.)  Plaintiff was cited for three things:

(1) motor vehicle operation without security (driving without automobile insurance);

(2) driving an unregistered vehicle; and

(3) unlawful license plate use.  (*Id.*)

Adams has failed to explain how his Fourth Amendment rights were violated.  Here, Plaintiff has asserted that there are criminal charges pending against him in the Marquette County Court.  (ECF No. 7.)

Plaintiff is essentially asking the Court to interfere with his ongoing state criminal proceeding.  "Since the beginning of this country's history Congress has,

subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts." *Younger v. Harris*, 401 U.S. 37, 43 (1971). Generally, federal courts should abstain from deciding a matter that would interfere with pending state proceedings involving important state matters unless extraordinary circumstances are present. *Id.* at 44−55. This principle is based on notions of equity and comity, "and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Id.* at 44.

*Younger* generally permits a federal court to abstain from considering a plaintiff's claims where: (1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal questions. *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Criminal defendants "need be accorded only an opportunity to fairly pursue their constitutional claims in the ongoing state proceedings . . . and their failure to avail themselves of such opportunities does not mean that the state procedures were inadequate." *Juidice v. Vail*, 430 U.S. 327, 337 (1977) (citing *Gibson v. Berryhill*, 411 U.S. 564, 577 (1973)). Exceptions to the *Younger* abstention doctrine have been recognized in the following circumstances: (1) where "the state proceeding is motivated by a desire to harass or is conducted in bad faith," *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975); (2) where "[a] challenged statute is flagrantly and patently violative of express constitutional prohibitions," *Moore v. Sims*, 442 U.S. 415, 424 (1979) (quoting

9

*Huffman*, 420 U.S. at 611); and (3) where there is "an extraordinarily pressing need for immediate federal equitable relief," *Kugler v. Helfant*, 421 U.S. 117, 125 (1975). These exceptions have been interpreted narrowly. *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986).

The three factors supporting *Younger* abstention are present in this case. First, Plaintiff's case is pending in state court. Second, Plaintiff's criminal proceedings involve important state interests. *See Younger*, 401 U.S. at 43 (recognizing that when the state proceeding is criminal in nature, the policy against federal interference is "particularly" strong); *see also Parker v. Turner*, 626 F.2d 1, 8 (6th Cir. 1980) (stating that "*Younger* established a near-absolute restraint rule when there are pending state criminal proceedings"). Third, the state court proceedings provide an adequate opportunity for Plaintiff to raise his claims. Moreover, Adams has set forth no factual allegations asserting that he cannot challenge the pending charges in the state courts.

In the opinion of the undersigned, Adams's civil claims, assuming that they are actionable, are premature. Adams's damage claims are not cognizable until his criminal proceeding is **resolved in his favor**. Dismissal without prejudice is appropriate where the complaint seeks both equitable and legal relief and the Court abstains under the *Younger*. *See Schwab v. Wyoming Police Dep't.*, 2020 WL 3603283, at *7-8 (W.D. Mich. July 2, 2020) (noting that dismissal without prejudice is an option when both equitable and legal relief is sought but deciding to stay pending final resolution of the criminal prosecution). Adams seeks both types of relief

10

in this action.

### IV. Recommendation

The undersigned respectfully recommends that the Court dismiss the complaint under 28 U.S.C. § 1915(e)(2)(B) because it is frivolous and fails to state a claim upon which relief may be granted.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:   December 16, 2025            /s/ *Maarten Vermaat*
                                      MAARTEN VERMAAT
                                      U. S. MAGISTRATE JUDGE